IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| MICHAEL JIHAD AKBAR ) | |
| ADC # 101398 ) | |
|    Petitioner, ) | **Case No. 5:13-CV-00382 BSM-JTK** |
| v. ) | |
| ) | |
| RAY HOBBS, Director, Arkansas ) | |
| Department of Correction ) | |
|    Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**Disposition**

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Micheal J. Akbar. (Doc. No. 1). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

**Background**

On June 10, 1993, Petitioner was found guilty of first-degree murder and aggravated assault. He was sentenced to life imprisonment in the Arkansas Department of Correction. On January 31, 1994, his appeal to the Arkansas Supreme Court was denied.

Petitioner sought postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure, but it was denied. On December 12, 1994, the Arkansas Supreme Court affirmed that denial. He also filed a state habeas petition six years later, but it was ultimately denied. That decision was affirmed by the Arkansas Supreme Court on September 26, 2013.

**Discussion**

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because 1) the State improperly amended his criminal information and 2) he received ineffective assistance of counsel. However, his claims cannot succeed because they are time barred and without merit.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The parties do not dispute the extreme untimeliness of Petitioner's federal habeas petition, but Petitioner argues his lateness should be excused because he did not have postconviction counsel.

Petitioner argues that the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), excuses the untimeliness of his petition. However, there is nothing in *Martinez* or the subsequent decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), that indicates the Supreme Court intended the statute of limitations to be affected. If state law or procedure prevented state prisoners from being able to bring their ineffective assistance of counsel claims during direct review *and* they were prevented from properly bringing those claims on state postconviction review due to ineffective assistance, then *Martinez* gave those prisoners a doorway to have federal courts entertain the otherwise procedurally defaulted ineffective assistance of trial counsel claims. Whether a claim is procedurally defaulted, which concerns whether a prisoner fairly presented his claim for one full round of review at the state level, is a completely distinct question from whether it is barred by the AEDPA's statute of limitations, which concerns whether a prisoner brought his federal habeas petition within one year of the conclusion of his state proceedings. There is also no reason to believe that *Martinez* would trigger the provisions of 28 U.S.C. § 2244(d)(1)(C).

Petitioner also makes a claim of actual innocence. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013), the Supreme Court found that the miscarriage of justice exception could apply to the statute of limitations. "To fall within the fundamental-miscarriage-of-justice exception, 'a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)). The only evidence Petitioner has provided is speculation regarding what a witness would have testified to and a recitation of the evidence against him. The Court finds that there was ample evidence upon which to convict Petitioner, and his speculation is plainly insufficient to warrant application of this rare exception. Accordingly, Petitioner's claim is barred by the statute of limitations.

The Court also finds that Petitioner's claims are without merit, but an in-depth discussion of the issue is unnecessary given the extreme untimeliness of his petition.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

SO ORDERED this 4th day of September, 2014.

_____
United States Magistrate Judge